## S. N. HUNTER & CO. *v* L. II. FELTON.

### *Assumpsit. Implied Promise. Consideration.*

1. The defendant delivered certain logs on the pond near the plaintiffs' mill to be sawed. The logs became scattered, of which fact the plaintiffs notified the defendant, who paid no attention to it. Thereupon the plaintiffs proceeded to gather the logs and saw them. Defendant paid for sawing but refused to pay for the extra labor of collecting them. *Held,* that he was liable to the plaintiffs for such extra expense.

2. The plaintiffs sawed and piled in their yard a quantity of lumber for the defendant under the arrangement that it might remain there a reasonable time. After it had remained there a year the plaintiffs notified the defendant that he must remove it, as they required the room. *Held,* that, the defendant having failed to remove his lumber, the plaintiffs had no right to charge him with the expense of procuring other storage ground and moving their own lumber to it.

3. The parties were at variance as to what rule should be used in measuring the logs sold the plaintiffs by the defendant, and they thereupon agreed to use the same rule then being used by a third party. *Held,* that such agreement was on good consideration and binding.

The action was general assumpsit. Pleas, the general issue and offset. Heard at the September Term, 1888, Taft, J., presiding, on referee's report, and exceptions of both parties thereto. The court overruled the exceptions to the report, and gave judgment for the defendant in the sum of $152.78, with interest, to be computed by the clerk. Exceptions by both parties. The facts appear in the opinion.

*H. E. Rusted* and *Farrington & Post,* for the plaintiffs.

The work of getting the logs to the mill after they became scattered was necessary. Having taken the benefit of it, the defendant must pay a reasonable price for it. Chitty Con. 80 and cases there cited. Par. Con. 392 ; *Rowell v. School District,* 59 Vt. 658.

The referee has found that the logs were to be measured by the Doyle rule. The agreement to abide by the rule used by Buck & Stevens was not such a compromise as to be binding

upon the parties. *Lyon* v. *Kidder*, 48 Vt. 42 ; *Way* v. *Holton*, 46 Vt. 184 ; *Turner* v. *Moore*, 58 Vt. 455 ; *Goodrich et al.* v. *Stanley*, 24 Conn. 613 ; *Rising* v. *Cummings*, 47 Vt. 345 ; 3 Black., 15 and note ; Bouvier Law Dict., p. 53 ; 2 Greenlf. Ev. s. 28–33 ; 2 Chitty Con. 1122 and note (oI), pp. 1123–4.

*Ballard & Burleson* and *Cross & Start*, for the defendant.

Having mutually agreed to adjust their differences as to the measurement of these logs by adopting the rule used by Buck & Stevens, the mutual concession became a good consideration for the promise. *Shipman* v. *District of Columbia*, 119 U. S. 148 ; *Baptist Convention* v. *Ladd*, 58 Vt. 95 ; *Swem* v. *Green*, 9 Col. 358 ; *Zemmer* v. *Beeker*, 66 Wis. 527 ; *Adams* v. *Adams*, 70 Ia. 253 ; *Palmerton* v. *Ruxford*, 4 Denio, 166 ; *Barlow* v. *Ocean Ins. Co.*, 4 Met. 270 ; *Leach* v. *Fobes*, 11 Gray, 506 ; *Kerr.* v. *Lucas*, 1 Allen, 279 ; *Riggs* v. *Hawley*, 116 Mass. 596 ; *Child* v. *Ins. Co.*, 56 Vt. 609.

The charge for gathering the scattered logs and getting them to the mill should be disallowed. Defendant never directed the work to be done, nor agreed to pay for it. *Jones* v. *Moore*, 50 Vt. 53 ; *Plimpton* v. *Gleason*, 57 Vt. 604 ; *Vason* v. *Strauss*, 75 Ga. 833 ; *Rohr* v. *Baker*, 13 Or. 350 ; *Boston Ice Co.* v. *Patter*, 123 Mass. 28.

The defendant never agreed to pay the plaintiffs for the use of their mill-yard for the storage of his lumber. Assumpsit cannot be maintained for the occupation of real estate unless the relation of landlord and tenant exists. *Clark* v. *Clark*, 58 Vt. 527 ; *Chamberlin* v. *Donahue*, 44 Vt. 57 ; *Moore* v. *Harvey*, 50 Vt. 297 ; *Clark et al.* v. *Clark, Admr.*, 58 Vt. 527 ; *Hough & Wood* v. *Brige*, 11 Vt. 190.

The opinion of the court was delivered by

Ross, J. The referee's report with reference to items 66 and 67 of the plaintiffs' specifications is somewhat meager.

1. In regard to 66, he finds that the logs had been drawn to the pond, about one-half mile from the plaintiffs' mill, for the purpose of being sawed at plaintiffs' mill. From this fact, and

from the fact that the defendant received the lumber when sawed, and paid for the sawing without objection, it is fairly to be inferred that it was mutually understood that the plaintiffs were to take the logs from the place where they were left on the pond, and manufacture them into lumber at their mill. The logs became scattered. We must, in the absence of any facts found to the contrary, presume it was without the fault or neglect of the plaintiffs. The plaintiffs notified the defendant of this fact. He did not withdraw the understanding that they were to go forward and manufacture them, nor did he tell them that he would gather them, nor did he do so. The plaintiffs then, at considerable extra expense, gathered and manufactured the logs into lumber, and the defendant, without objection, took the benefit of this extra labor in gathering the logs. No price had been agreed upon for their manufacture. On these facts, we think, the law implies a contract and agreement on the part of the defendant to pay the plaintiffs a reasonable sum for gathering and manufacturing the logs. He paid for manufacturing them without objection or complaint. Paying for their manufacture without objection was an endorsement of their right to take the logs from the place they did and manufacture them. If he would avoid paying for gathering the logs, he should have ignored their right to manufacture them, taking them in their scattered condition. He cannot be allowed to treat their necessary labor to bring the logs, as they were then situated, into manufactured lumber, in part, proper and rightful, and, in part, wrongful and unauthorized. He must be held to adopt or reject their work on the logs in whole. This item we therefore allow to the plaintiffs.

2. In regard to item 67, the referee finds that the defendant had a large amount of lumber piled up in the plaintiffs' mill yard, which had remained there over a year. From other parts of the report it appears that they were paid for sawing and sticking up the lumber, and there is no claim made but that it was understood that the defendant had the right to have it remain so stuck up a reasonable time. After it had remained

for over a year, the plaintiffs notified the defendant that his lumber was in their way, and that they must have the space occupied by it for their mill. It is not found that any time was specified in which the defendant must remove it, nor that they notified him that they should charge for storage, if it was allowed to remain on the mill-yard beyond the time named. Nor is it found that the plaintiffs were accustomed to charge for the storage of lumber allowed to remain too long piled up in the mill-yard. We do not think that, on these facts alone, the plaintiffs had the right to charge the defendant with what they paid for the use of other grounds, and for moving their lumber as manufactured to them. To warrant a recovery for such charges, the notice for the removal of his lumber should have been limited to a definite time, accompanied with the statement that, if his lumber was not removed by the time named, they should charge the defendant with what it cost them to secure such accommodations for their lumber as manufactured as the removal of his lumber would afford them; or if no definite time for its removal was named in the notice accompanied with a statement of their intention to charge, it should be found that the plaintiffs waited a reasonable time for the defendant to make the removal, before they procured other accommodations at his expense. On the facts reported, a majority of the court do not think that the plaintiffs can recover for this item.

3. The amount of the defendant's item 1 depends upon whether on the facts found, the logs should be measured by Doyle's or Scribner's rule. Either rule gives the purchaser more lumber than the rule prescribes. The defendant insisted that no rule for the measurement of the logs had been agreed upon. It is not found that the defendant made this claim fraudulently. In the absence of a finding that he made this claim fraudulently, we must presume that it was made in good faith. Under these circumstances, the plaintiffs' in good faith contended that Doyle's rule should be used in measuring the logs, and the defendant, in good faith, that Scribner's rule should be used. Being thus at variance they agreed to be governed in ascertaining the measure-

ment of the logs by the rule used by Buck & Stevens in Rich-
ford the same winter, and one of the plaintiffs wrote and
obtained reply that that firm used Scribner's rule at the place and
time named by them. This was a valid agreement between the
parties, supported by a legal consideration, an agreement by
each party to yield what he honestly claimed to be his right, if
the rule used by Buck & Stevens should be against him. We
are all of the opinion that this agreement in regard to the
rule that should be used in the measurement of the logs under
the circumstances in which it was entered into was binding upon
both parties. Nor is this result varied by the finding of the
referee that from all the evidence, if this agreement had not
been entered into, he should find that the Doyle rule was agreed
to be used by the parties, at the time the logs were purchased.
The defendant denied making any such agreement, and this find-
ing is made upon a preponderance of all the evidence in the case
bearing upon this issue.

*The result is that the judgment of the County Court is
reversed, and judgment for the defendant is rendered, disal-
lowing the amount of plaintiffs' item 67.*